## OBEDIAH PETERS *v.* STATE.

### [63 South. 666.]

1. CRIMINAL LAW. *Evidence. Motion to exclude. Objection. Witnesses. Competency of child. Appeal. Discretionary ruling. Competency of witness.*

    The question of the incapacity of a state witness to give testimony cannot be raised by a motion to exclude the testimony after the state has rested. It must be raised while the witness is on the stand so that the court may have an opportunity of inquiring into and correctly deciding it.

2. WITNESSES. *Competency of child. Code 1906, section 1919.*

    A child six years of age is not merely by reason of that fact disqualified as a witness, and under section 1919, Code 1906 religious belief, or want of it, constitutes no disqualification. All that is required to qualify a child as a witness is that it should have sufficient capacity to observe events and to recollect and communicate them.

3. SAME.

    In determining its capacity for communication there are two elements to be taken into consideration: First, there must be a capacity to understand questions put and to form and express intelligent answers, and, second, there must be a sense of moral responsibility, a consciousness of the duty to speak the truth.

4. COMPETENCY OF WITNESSES. *Appeal. Discretionary ruling.*

    The question of the capacity of a witness to testify is primarily a question for the judge, and his decision will not be reversed on appeal, unless it is clearly erroneous.

APPEAL from the circuit court of Monroe county.

HON. CLAUDE CLAYTON, Judge.

Obediah Peters was convicted of rape and appeals. The facts are fully stated in the opinion of the court.

*Paine & Paine,* for appellant.

The text-writers all agree that there is no certain age at which the dividing line between competency and in-

competency of an infant's testimony may be drawn. The consensus of opinion among them is, however, that the competency depends on intelligence rather than age.

This witness Alice Williams, was only six years of age and her testimony discloses the fact that her intelligence is of such an immature character as to disqualify her as a witness. For instance she talks about truth as having many, if not all the qualities, appearances and appendages of a cow.

We have, as children, been impressed with the idea, that his Satanic majesty, the devil, was cloven foot, had a long tail and crooked horns, but no child was ever taught that truth possessed any of these appendages. But on the contrary, that truth was the very embodiment of everything that was good, that it was a shield and buckler against the devil and his emissaries, that every child could pray its prayers to God, speak the truth and that no evil would come near it during the pitchy darkness of the night.

This witness's testimony discloses the fact that this little negress had the very lowest order of intelligence, so low that no court should give it any credence. Her testimony further discloses the fact, that she had not the faintest conception of the value of an oath. She testifies that the cause of her testimony was because her aunt Lindy told her to so testify and that she was simply testifying as she did because her aunt told her to do so. She has, from her testimony, no conception of the danger and impiety of lying. This is apparent from her testimony.

It may be urged, in reply to our contention, that the jury believed her and returned a verdict of guilty. This is true, but the court will not be unmindful of the fact that the crime charged is the most revolting and heinous known to the law, and this fact, plus the fact that the sympathy, that invariably attaches to and surrounds a child, was a most potent factor in influencing the jury.

We submit in this the judge committed error in permitting the testimony of this child to go to the jury.

Of course, if this is correct then this court can do nothing but reverse the case. Mr. Wigmore, section 508, on Evidence "says the fact of capacity, as a witness, in a child under seven years of age is not presumed, but must be shown."

This being the test to be applied to Alice Williams, the witness, it will appear conclusively from her testimony her utter incapacity as a witness. The case of *Trim* v. *The State*, 33 S. R. 718, is not authority against our contention. In that case, the testimony of the witness Nora showed she knew the enormity of lying, knew she would go to Hell if she lied, learned this in Sunday School, she knew from teaching, it was wrong to lie."

In the case at bar every test which qualified Nora was wanting in the witness Alice. An analysis of the qualifications of the two from the record in the respective cases will demonstrate the great difference.

We submit that the record in the case at bar measures up to the rule as announced in the case of *Wheeler* v. *U. S.*, 159 U. S. 523, by demonstrating clearly and unquestionably that it was gross error to permit the testimony of the witness to go to the jury. We ask for a reversal.

*Geo. H. Ethridge*, assistant attorney-general, for the state.

On the proposition that the child was not a competent witness I submit that the testimony of the child in chief displays sufficient intelligence to make her a competent witness, and whatever may have been, the rule at common law as to religious belief, it can have no force now only so far as it goes to effect the credibility of the witness. Under our law religious belief does not effect the competency of a witness. Section 1919 provides that a person shall not be incompetent because of his religious belief or want of religious belief.

This section of the Code makes a radical innovation of the common-law rule of evidence and a person who is

an infidel or an atheist is perfectly competent as a witness. Evidence now does not depend at all upon the belief of future punishment for false swearing, but the statement of a person admitted in open court on oath now becomes competent and the religious equation, while it may be shown, may only go to the credibility of the witness. I submit, however, that the appellant is not entitled to complain of the admission of this testimony because he never interposed his objection seasonably, nor did he ever request the court by a separate motion to exclude this evidence. His motion went to the entire evidence and the court is not required to segregate the elements that went into the motion, but should rule on the motion as made and if the motion as made is not sustained, no complaint can be made. If the appellant desired to question the competency of this witness he should have demanded that the court determine the competency of the witness. The witness was a child of tender years and the proper time to have settled this question was when she was tendered as a witness. When she had testified completely and all the facts were apparent, no motion was made to exclude her testimony and no particular motion was made at any time directed singly at the competency of this child and the court was never specifically requested to exclude this evidence, and I submit further that the witness was competent and it is too late now for the appellant to raise an objection.

Argued orally by *George B. Paine,* for appellant, and *Goe. H. Ethridge,* assistant attorney-general, for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellant was convicted of the rape of a six-year-old girl. This girl was introduced as a witness on behalf of the state and testified without objection. The court was not requested to and did not inquire into the question of

her capacity to give testimony. Her testimony in chief, while not specifically addressed thereto, showed no want of testimonial qualification. On cross-examination, however, her answers to several very ludicrous questions tended to show that she did not know what the meaning of the word "truth" was. When the state rested its case, appellant made a general motion to exclude all of the evidence and for a peremptory instruction charging the jury to find him not guilty. One of the grounds of this motion was: "Because the testimony of the witness, Alice Williams, is incompetent because she is not shown to be such a witness as can testify in this cause on account of her age and mental condition." This motion was overruled, and the action of the court in so doing is assigned for error.

The question of the capacity of a witness to give testimony cannot be raised in this method. It must be raised while the witness is on the stand so that the court may have an opportunity of inquiring into and correctly deciding it. If we concede, however, for the purpose of the argument, that this question was properly raised, the result must be the same. A child six years of age is not merely by reason of that fact disqualified as a witness (*Trim* v. *State,* 33 So. 718); and, under section 1919 of our Code, religious belief, or want of it, constitutes no disqualification. According to Mr. Wigmore, it "may be taken as settled that no rule defines any particular age as conclusive of incapacity; in each instance the capacity of the particular child is to be investigated." 1 Wigmore on Evidence, section 505. All that is required to qualify a child as a witness, is that it should have sufficient capacity to observe events and to recollect and communicate them. In determining its capacity for communication, "there are two elements to be taken into consideration: (a) There must be a capacity to understand questions put and to frame and express intelligent answers. (b) There must be a sense of moral responsibility, a con-

106Miss.22

sciousness of the duty to speak the truth.'' 1 Wigmore on Evidence, section 506.

These are all questions of fact, the decision of which, in the language of Mr. Justice BREWER in *Wheeler* v. *U. S.,* 159 U. S. 523, 16 Sup. Ct. 93, 40 L. Ed. 244, ''rests primarily with the trial judge, who sees the proposed witness,. notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence, as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record, the decision of the trial judge will not be disturbed on review unless from that which is preserved it is clear that it was erroneous.''

*Affirmed.*