## FAIRLEY *v.* STATE.*

(Division A. Feb. 25, 1929. Suggestion of Error Overruled March 11, 1929.)

[120 So. 747. No. 27659.]

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, section 3421, p. 130, n. 84; section 3430, p. 145, n. 40; section 3557, p. 211, n. 7; section 3642, p. 303, n. 84; Rape, 33Cyc, p. 1496, n. 82; p. 1498, n. 89; Witnesses, 40Cyc, p. 2239, n. 43; As to sufficiency of uncorroborated testimony of prosecutrix to sustain conviction for rape, see 23 R. C. L. 1222; 5 R. C. L. Supp. 1226; 6 R. C. L. Supp. 1354.

*A. T. L. Watkins*, for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General for the state.

Argued orally by *A. T. L. Watkins,* for appellant, and *James W. Cassedy, Jr.,* for the state.

Cook, J. At the September, 1928, term of the circuit court of Perry county, the appellant, Caesar Fairley, was indicted, tried, and convicted of rape, and was sentenced to the state penitentiary for life, and from this conviction and sentence he prosecuted this appeal.

We do not think it would serve any useful purpose to state the facts shown by this record. The appellant assigns as error the refusal of the court below to grant him a peremptory instruction, and counsel seems to argue that the testimony was not sufficient to support the verdict. The appellant was indicted under section 1358, Code of 1906 (section 1147 of Hemingway's 1927 Code), and it is well settled that under this section a person may be

indicted and convicted on the uncorroborated testimony of the prosecutrix. In the case at bar the prosecutrix was not corroborated as to the identity of her assailant, but as to other material facts she was corroborated by the testimony of other witnesses as to physical facts. The testimony was sufficient to support the verdict, and therefore there was no error in refusing the peremptory instruction requested by the appellant.

The appellant assigns as error the refusal of the court to grant him a continuance on an affidavit, signed by himself, his wife, sister, and brother-in-law, stating that he was arrested on the 12th day of August, 1928, and since that date had been confined in jail, and denied all access to or communication with his said wife, sister, and brother-in-law, and therefore had been unable to prepare for his defense. At the trial the appellant was represented by counsel, and it appears from the record that he was represented by the same counsel at a preliminary hearing before a committing magistrate, and there was no effort to show that appellant had been denied free access to, and communication with his counsel prior to and during the term of court, or that counsel had been in any way hindered or delayed in preparing appellant's defense. The three relatives who joined in the affidavit seeking a continuance testified at the trial, and there was no attempt to show that any witness who might have been of value to the defense was not present in the court at the time of the trial. Other than the general statement that the appellant had been unable to prepare for his defense, there was no effort to show wherein he had been prejudiced, and now, looking at the completed record of the trial, we are unable to see that he was prejudiced by anything set forth in the affidavit for a continuance.

At the trial the state offered as a witness the four-year-old daughter of the prosecutrix, and without conducting a preliminary examination of this child, to determine

her capacity to testify as a witness, the court permitted her to be examined before the jury. After the state had concluded its examination of this witness, counsel for the appellant asked her a number of questions, and thereupon the court, without further request, excluded her testimony and instructed the jury not to consider anything she had said. Appellant now assigns as error the action of the court in permitting this child to be examined before the jury, and contends that the error could not be cured by excluding her testimony and instructing the jury to disregard it. It is true that the court should have determined the competency of the child as a witness before permitting her to testify before the jury to facts material to the issues in controversy; but, where such preliminary examination was had, it would still be the duty of the court to exclude the testimony of the witness, if it developed during the examination that the witness did not have the capacity to testify. Under the rules for determining the capacity of a witness to testify, as announced in the case of *Peters* v. *State,* 106 Miss. 333, 63 So. 666, we think that the court was correct in the conclusion that this witness did not have the capacity to give testimony, and, having reached that conclusion, the court did all it was requested to do to correct the error, by excluding the testimony and instructing the jury not to consider anything she had said, and, this being true, we do not think the examination of this witness before the jury constituted reversible error.

We are strengthened in this conclusion by the fact that, up to the time the state concluded its examination of this witness, she had not testified to any fact which tended to incriminate the appellant. She had testified to facts which corroborated her mother as to the fact of an assault being committed upon her, but nothing that tended to identify the appellant as the assailant. When counsel for appellant took the witness on cross-examination, among

the first questions asked her were the following: "Q. You did not see any one in the house, did you? A. Yes. Q. Who was it? A. Caesar Fairley." Since the appellant developed from the witness the only evidence that was prejudicial to him, he is not now in position to complain, especially in view of the fact that the court excluded all of the witness' testimony, and instructed the jury to disregard it.

The appellant also complains of certain language alledged to have been used by the district attorney in the closing argument to the jury, but this assignment is not properly presented by this record. The record discloses that counsel for the appellant tendered to the trial judge a special bill of exceptions embodying the alleged objectionable language, but the judge refused to sign this bill of exceptions. Counsel for appellant then made and filed an affidavit setting forth his version of the language and the incidents attempted to be incorporated in the special bill of exceptions, and this affidavit and the form of the bill of exceptions that was tendered the trial judge are sent up with the record of this cause.

Section 796, Code of 1906 (section 594, Hemingway's 1927 Code), provides that bills of exception to any ruling of the court, made before the jury retires from the box, must be tendered and filed during the trial, or during the term of the court; while section 798, Code of 1906 (section 600, Hemingway's 1927 Code), provides that, "if the judge shall refuse to sign a bill of exceptions to an opinion, decision, or charge given or made on the trial of any cause or motion, when the bill of exceptions is tendered to him, it shall be lawful for two attorneys at law who may be present at the time of the giving or making of such opinion, decision, or charge, and of the refusal of the judge to sign such bill of exceptions, to sign the same; and the bill of exceptions so signed shall have the same force and effect as if it had been signed by the judge," and it has been held that the latter statute

provides the only remedy where the judge refuses to sign such a bill of exceptions. The purported special bill of exceptions, therefore, never became a part of the record, and we can only consider matters which are properly a part of the record before us. If, as stated by counsel for appellant, circumstances made it impossible to secure the signature of two attorneys to the bill of exceptions, we are unable to aid him, in the absence of statutory authority so to do.

None of the other assignments of error present any reversible error, and therefore the judgment of the court below must be affirmed.

*Affirmed.*