## ALLEN *v.* STATE.

(Division B.   May 5, 1933.)

[148 So. 634.   No. 30532.]

**Harry K. Murray,** of Vicksburg, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Warren county of the crime of kidnapping a child under the age of ten years, and sentenced to the penitentiary for a term of seven and one-half years. From that judgment he prosecutes this appeal.

The indictment was under chapter 301 of the Laws of

1932, which is in this language: "Any person who shall without lawful authority forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be secretly confined or imprisoned against his or her will, or shall without lawful authority forcibly seize, inveigle, or kidnap any child under the age of ten (10) years and secretly confine such child against the will of the parents or guardian or person having the lawful custody of such child shall on conviction suffer death or be imprisoned for life in the state penitentiary if the punishment is so fixed by the jury in its verdict,·and the jury is authorized to so fix the punishment in its discretion; and, if the jury fails to agree on fixing the penalty at death or imprisonment for life in the state penitentiary, the court shall fix the penalty at not less than one year or more than thirty years in the state penitentiary."

The jury returned a verdict in this language: "We, the jury, find the defendant guilty as charged in the indictment, and recommend the mercy of the court." The court thereupon imposed the penalty of seven and one-half years in the penitentiary.

Appellant argues that the judgment is void because under the statute the jury alone could fix the penalty. It will be observed that the statute provides that upon conviction the jury is authorized in its discretion to impose the death penalty or life imprisonment in the penitentiary; but, if the jury fails to fix the penalty of death or life imprisonment, the court shall fix the penalty at not less than one year nor more than thirty years in the penitentiary. By their verdict in this case, the jury failed to impose the death penalty or life imprisonment. The court then, following the statute, imposed the penalty of imprisonment in the penitentiary for seven and one-half years. The addition to the verdict "and recommend the mercy of the court" was not a part of the verdict authorized by the statute; it was a mere recommen-

dation to the court. It did not vitiate the verdict. The verdict was one of guilty, and no more.

Affirmed.