THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN VALLADARES, Defendant and Appellant.

No. 6467. Argued April 22, 1937.—Decided May 28, 1937.

*A. Ramírez Silva* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Valladares was convicted of aggravated assault and battery. One of the witnesses for the prosecution was a child who testified that he was six years of age and later that he did not know his age. His mother was then put on the stand and testified that the child was thirteen years of age. There-

upon the defense objected to this testimony as secondary evidence. The district court overruled the objection and the defense moved to strike the evidence already admitted. This motion was denied. The admission of the mother's testimony is assigned as error. The mother's testimony was not secondary evidence. *People* v. *Rodríguez*, 47 P.R.R. 84; Underhill's Criminal Evidence (3rd ed.) 88, section 91.

When the child was again called as a witness, the judge stated that from his own observation he thought the witness was more than ten years old. At the time of the child's first appearance on the stand and after some examination as to his capacity as a witness, the judge had also stated that he would permit the child to testify. Nevertheless, after further examination of the witness, the district attorney, although such further examination had not shown that the child was incompetent, decided to put the mother on the stand before proceeding with the testimony of the child as a witness. The testimony of the child was cumulative and the result would probably have been the same if the mother had not been called.

■ The second assignment is that the district judge erred in permitting the child to testify. Aside from the fact that the child was thirteen years of age, the question of his capacity as a witness was a matter largely within the discretion of the trial judge and we find no abuse of that discretion. Underhill's Criminal Evidence (3rd ed.) 455, section 331; *Peters* v. *State*, 63 So. 666.

■ The third assignment is that the district court erred in permitting a stenographer to testify as to what defendant's witness, Agustín Olivieri, had said on a previous occasion. When the stenographer was asked to identify a transcript of Olivieri's previous testimony, the defense objected that no predicate for impeachment had been laid. The judge said that if the statement had not been signed, it was not

admissible. To another question the defense objected that the district attorney could not offer in rebuttal evidence which might have been offered before the prosecution rested. The judge said that he would admit the evidence and the defense took an exception. The district judge said the witness would be permitted to testify and the defense then took an exception on the ground that Olivieri, while on the stand, had not been asked whether the stenographer was present when Olivieri testified before the district attorney. Later the defense objected to one of the questions put by the district attorney but did not state the grounds of his objection. The district judge, if he heard the objection, said nothing and the examination proceeded without any ruling or exception. A predicate had been laid for part of the impeaching testimony and there was no adequate objection to the part of such testimony for which no sufficient predicate had been laid. The error, if any, in admitting such testimony would not justify a reversal.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.