CRAIG *v.* STATE.

In Banc.   Mar. 13, 1950.

No. 37564 (44 So. (2d) 860)

Homer Pittman and **S. A. Hall**, for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

**Hall, J.**

From a penitentiary sentence of five years upon a conviction for assault and battery with intent to kill and murder, appellant seeks a reversal upon four grounds. His first contention is that he was entitled to a peremptory instruction. The evidence discloses that appellant was divorced from his former wife about three years prior to the difficulty here involved; he married another woman about two hours after entry of the divorce decree and is still living with her. Under this decree he was given the right to visit his child, whose custody was left with his former wife. On Easter Sunday in 1949 he went to the home of his former wife and carried an Easter basket to his child; there he found Harold Weaver who, according to the evidence for the State, was in the yard repairing a radio antenna and against whom he made threats; according to appellant's evidence Weaver was in the house only partly clad. Appellant left and went home and obtained a shotgun and in a short time returned to the house and knocked on the door. Weaver and Webb Shelby were sitting on a couch in the front room and Weaver opened the door, being at that time fully clothed, and according to the state's evidence sat down again on the couch and thereupon appellant fired through the door and wounded Weaver at a time when Weaver was unarmed and doing nothing to provoke a

difficulty, but, according to appellant's evidence, Weaver gritted his teeth and pulled a knife whereupon appellant shot him. ▆▆ The state's case was supported by two eyewitnesses and appellant's plea of self-defense was supported by his testimony alone. Thus there was presented a sharp conflict in the evidence for decision by a jury, and the peremptory instruction was properly refused.

▆▆ The verdict as returned by the jury in this case is "We the jury find the defendant guilty as charged but recommend the mercy of the court." The judgment entered thereon recites the verdict as being "We the jury find the defendant guilty as charged". Appellant contends that since the exact words of the verdict are not embodied in the judgment of the court the judgment is a nullity and void. We find no merit in this contention for the trial court clearly had the right to discard as surplusage that portion of the verdict which said "but recommend the mercy of the court". Penn. v. State, 62 Miss. 450; Smith v. State, 107 Miss. 574, 65 So. 498; Bridges v. State, 154 Miss. 489, 122 So. 533; Allen v. State, 166 Miss. 551, 148 So. 634.

▆▆ The judgment also recites that the case was tried by a jury of twelve good and lawful men consisting of H. O. Hoffman and eleven others, and appellant contends that the said Hoffman was not in fact a member of the jury which sat in the trial of his case and that for this reason the judgment is void. The judgment was entered on June 2, 1949. A motion for a new trial was filed on June 7, 1949, and made no complaint in connection with the recital that Mr. Hoffman was a member of the jury. Long after the motion for a new trial had been overruled and after the court term had adjourned, and on September 27, 1949, appellant filed affidavits and a certificate of the county prosecuting attorney to the effect that Mr. Hoffman was a member of the regular jury panel for the term at which appellant was convicted but that he did not in fact sit on the jury which tried

appellant; from these documents it appears that a jury of twelve qualified men did sit on the case and that the name of Mr. Hoffman was erroneously written into the judgment by the clerk. The matter was not presented to the trial court for correction and the point is not properly raised on this appeal. This court has held that papers obtained after adjournment of court which are not properly a part of the record cannot be looked to by us, Whit v. State, 85 Miss. 208, 37 So. 809, and that we can only consider matters which are properly a part of the record before us, Fairley v. State, 152 Miss. 656, 120 So. 747. The contention not being properly raised, a decision of the point is pretermitted. See also Penn. v. State, 62 Miss. 450, 478.

██ ██ Appellant also assigns error in the granting of one of the instructions for the state and claims that it curtailed his plea of self-defense but we do not find the instruction subject to the criticism which appellant makes. Moreover, appellant obtained eleven instructions, two of which charged the jury that if he shot at a time when he had reason to believe and did believe that his life was in danger, or that he was in danger of great bodily injury, he had a right to defend himself even though the danger was not real. The jury was fully charged on the right of self-defense, and, finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.