GILLESPIE, Presiding Justice:
The appellant John Roark and Eugene Rogers were indicted for kidnapping Joe Garrison and feloniously and forceably depriving him of his liberty without the consent of the said Joe Garrison. Appellant was granted a severance and tried sepa- *280 rafely, found guilty by the jury, and sentenced to serve a term of ten years in the State Penitentiary. He appeals from this judgment of conviction.
The proof in this case is without substantial dispute. Joe Garrison lived in Coa-homa County in the Town of Jonestown. He was intoxicated on the night he was kidnapped. Garrison left Green’s place late at night and drove toward Lyon, Mississippi, which is about five miles north of Clarksdale. He was driving a pickup truck. A vehicle came up behind him flicking its lights and blowing its horn and Garrison pulled over to the side of the road and stopped. Shortly thereafter Eugene Rogers opened the door of Garrison’s pickup truck, gave Garrison a shove, and said, “Get over, old man, I am taking over this outfit.” Rogers then began driving Garrison’s truck and the appellant followed in Eugene Rogers’ pickup truck. After driving a considerable distance Rogers stopped and appellant also stopped the truck he was driving. Rogers told Garrison to get out and put his hands on the top of the pickup. Garrison was searched and robbed of his watch, ring, cigarette lighter and whatever else he had in his pockets. He could not tell which of the two men was doing the talking but both Rogers and Roark were present. One of the men ordered Garrison to move away from the door of the truck and Eugene Rogers took a jack out of the truck and hit Garrison on the head and face and thereafter beat him when he was on the ground. It was a violent and brutal assault, resulting in fractured bones in Garrison’s face, three broken ribs, a broken shoulder, and a chipped shoulder blade. Garrison also had contusions over much of his head and face. When Garrison came to he was near the levee at Moon Lake. Eugene Rogers’ truck was taken over behind the levee and the three of them got in Garrison’s truck and Garrison was blindfolded. Rogers struck Garrison again when they were in the truck and threatened to kill him. Garrison was taken to his home by Rogers and appellant. When they entered Garrison’s home, Rogers had a handkerchief tied around his face and appellant had a shirt pulled over his head. Either Rogers or appellant rang the doorbell at Garrison’s home and when Garrison’s wife did not answer, he beat on the door. Appellant pulled a window screen off and about that time Mrs. Garrison opened the door and the three men entered. Mrs. Garrison demanded to know what the meaning of this was and Rogers said her husband had been in a fight and “we have helped him out and we are in trouble with the law and we came to get some money.” Rogers demanded $500. Mrs. Garrison said she had no money and went to the telephone to call her son. Rogers demanded that she not use the telephone. Mrs. Garrison then called to her daughter who was upstairs. Rogers then told Garrison, “Come on, buddy, you are going with us,” but Mrs. Garrison said that her husband was not going anywhere. Then Roark said, “We had better get away from here,” and Rogers and Roark ran from the Garrison home.
Thereafter Rogers and appellant were picked up by a half-brother of Eugene Rogers and driven to the levee near Moon Lake. Rogers and appellant were arrested sometime later by the police who had been alerted and given a description of the pickup truck they were driving. At the time of the arrest the appellant was wearing a jacket and diamond ring that had been taken from Garrison. Other property belonging to Garrison was found either on the person of Roark or Rogers or in the truck they were in when arrested.
Roark testified in his own defense. He admitted that he followed Eugene Rogers after he had stopped Garrison’s truck and started driving it. He contends that Eugene Rogers did all the beating of Garrison and that he prevented Rogers from killing Garrison and throwing him in the river. He admitted that he was wearing the jacket, but claimed he did not know whose it was and he denied that he was wearing the diamond ring but claimed he found it *281 in the jacket that Rogers had given him. He contended that he did not participate in the kidnapping or beating of Garrison but admitted that he was present at all times.
Appellant contends that he was entitled to a peremptory instruction. He based his argument on the contention that he did not have any part in the commission of the crime and that he was guilty of nothing more than a failure to prevent Eugene Rogers from kidnapping, beating and robbing Garrison. We are of the opinion that there is no merit in this contention.
It is next contended that this conviction should be reversed because the state failed to serve a copy of the indictment on appellant as required by Mississippi Code 1942 Annotated, Section 2441 (Supp.1966). This matter was not raised in the trial court nor does the record show that the indictment was not served on appellant. In Ford v. State, 218 So.2d 731 (Miss.Sup.Ct. February 3, 1969) this same question was raised and the Court said:
The record is silent as to whether a copy of the indictment was in fact presented to the defendant prior to his arraignment. Although the statute is mandatory in its requirements, we must indulge the presumption that the judge and officers of the court have done their duty in the absence of affirmative evidence to the contrary.
For the reasons stated in Ford we find no merit in this assignment of error.
Appellant also contends that one of the state’s instructions was defective, but we do not think this assignment of error warrants discussion.
From the whole record we conclude there was ample evidence to justify the guilty verdict and that the trial court did not commit reversible error.
Affirmed.
RODGERS, BRADY, PATTERSON and SMITH, JJ-, concur.