236 So.2d 751 (1970)
John Wallace BROOKS, Jr.
v.
STATE of Mississippi.
No. 45895.
Supreme Court of Mississippi.
June 1, 1970.
Courtney & Echols, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., and John M. Kinard, *752 Special Asst. Atty. Gen., Jackson, for appellee.
BRADY, Justice.
In the Circuit Court of the First Judicial District of Hinds County, Mississippi, appellant was found guilty of the crime of kidnapping and sentenced to serve a term of twenty years in the Mississippi State Penitentiary. From that judgment this appeal is taken.
The appellant, John Wallace Brooks, Jr., along with Albert K. Bankston, James Ralph Murphy, and Willie Price, was indicted by the Hinds County Grand Jury for kidnapping Fred Thomas, James L. Hartzog, and John Mowdy. On a motion for severance the appellant was tried separately on this charge and found guilty by the jury, and the court, following the jury's inability to agree on the punishment, sentenced the appellant to serve a term of twenty years in the Mississippi State Penitentiary.
The proof in this case is without substantial dispute. On January 2, 1969, the appellant and four others were incarcerated in the Hinds County jail located on the top floor of the courthouse in the city of Jackson, Mississippi. They were placed in the maximum security or "death" cell. At approximately 6:00 P.M. on the evening of January 2, 1969, the appellant and the prisoners Bankston, Murphy and Price escaped from their maximum security jail cell, using a "soap pistol" and two sharpened iron rods called "pig stickers" which they had made in their cell. After overpowering Mr. James Hartzog, the jailor, as he was returning a repaired television set to Bankston's cell, the four entered the jailor's office, pried open a locker, and secured two loaded pistols, a 44-Magnum and a 38-Smith and Wesson. The four escapees took the jailor down to the first floor where they captured Mr. James Mowdy, the radio operator, and took from him his loaded 22-calibre pistol. The testimony is in conflict as to whether appellant Brooks used the 22-calibre pistol or the 38-Smith and Wesson. Upon leaving the radio room they encountered Sheriff Fred Thomas, who was coming up the stairs from the courthouse basement. They forced him to "stick up his hands," give them the keys to his car, and the four, with the three hostages seized, in tow, then entered the sheriff's patrol car. Bankston drove the car, Brooks was seated in the middle and Murphy on the passenger's side of the front seat. The three hostages and the prisoner Price were on the back seat. The escapees then proceeded south down Interstate 55 to the Byram turnoff. After they had crossed over the swinging bridge at Byram the driver, Bankston, drove to a secluded spot near a farmhouse in Copiah County where the sheriff and the two deputies were released.
On the following day the appellant, Murphy, and Price were captured by the Mississippi Highway Patrol. They were hiding under some hay in an abandoned farmhouse and were returned to the Hinds County Jail. The appellant was indicted under Mississippi Code 1942 Annotated section 2238 (1956) for kidnapping and was tried. The issue of his guilt was submitted to a jury which returned a verdict of guilty but did not agree upon the punishment. Upon the jury's inability to agree upon the punishment, the court sentenced the appellant to serve a term of twenty years in the Mississippi State Penitentiary. From that judgment and sentence this appeal is taken.
Appellant assigns as errors that:
1. The evidence is insufficient to sustain the verdict of the jury.
2. The court erred in granting the state's instruction No. 5.
3. The sentence of the court is contrary to the law and the evidence.
Considering appellant's first error assigned, namely, that the evidence is insufficient to sustain the verdict of the *753 jury, we conclude after a careful review of the record that the evidence is abundantly sufficient to support the verdict of the jury.
There is no merit in the second error assigned by the appellant that the trial court erred in granting the State's instruction No. 5. Instruction No. 5 is as follows:
The Court instructs the jury for the State of Mississippi that if you find the Defendant, John Wallace Brooks, Jr., guilty, you may return either of the following verdicts: (1) "We, the jury, find the Defendant guilty as charged and fix his punishment at life imprisonment at the Mississippi State Penitentiary," in which event it will be the duty of the Court to so sentence him; or (2) "We, the jury, find the Defendant guilty as charged but are unable to agree upon his punishment," in which event it will be the duty of the Court to sentence the Defendant to the Mississippi State Penitentiary for a term of not less than one year or more than thirty years, the same to be fixed by the Court.
It is apparent that this instruction was drawn in accordance with the charges set forth in the indictment and was clearly based upon the essential requirements of Mississippi Code 1942 Annotated section 2238 (1956), and we hold that instruction No. 5 is not erroneous.
Considering the third error assigned, namely, that the sentence of the court is contrary to the law and the evidence, we note the appellant asserts that Mississippi Code 1942 Annotated section 2237 (1956) is the controlling kidnap statute as opposed to Mississippi Code 1942 Annotated section 2238 (1956). These sections are as follows:
§ 2237. Kidnapping.
Every person who shall, without lawful authority, forcibly seize and confine any other, or shall inveigle or kidnap any other with intent to cause such person to be secretly confined or imprisoned in the state against his will, or to cause such other person to be sent out of this state against his will, or to cause such other person to be deprived of his liberty, or in any way held to service against his will, shall upon conviction, be punished by imprisonment in the penitentiary not exceeding ten years; and upon the trial of any such offense the consent of the person so kidnapped or confined shall not be a defense, unless it appear that such consent was not extorted by threats or duress.
§ 2238. Kidnapping, a capital offense, when.
Any person who shall without lawful authority forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be secretly confined or imprisoned against his or her will, or shall without lawful authority forcibly seize, inveigle, or kidnap any child under the age of ten (10) years and secretly confine such child against the will of the parents or guardian or person having the lawful custody of such child shall on conviction suffer death or be imprisoned for life in the state penitentiary if the punishment is so fixed by the jury in its verdict, and the jury is authorized to so fix the punishment in its discretion; and, if the jury fails to agree on fixing the penalty at death or imprisonment for life, in the state penitentiary, the court shall fix the penalty at not less than one year or more than thirty years in the state penitentiary.
This act shall not be held to repeal, modify, or amend any other criminal statute of the state.
There is no merit in the third error assigned by appellant, that the sentence of the court is contrary to the law and the evidence, for the reason that the State had the choice of indicting the appellant under either section 2237 or section 2238, supra. *754 Section 2237 was enacted at least as far back as 1848 and apparently the legislative intent was to prohibit white slavery or the kidnapping and transportation of women in intra and interstate prostitution. It should be noted that section 2238 was enacted in 1932. This statute treats three aspects relating to kidnapping. These components are not conjunctive but are disjunctive. The third or last component deals with the kidnapping of a child under the age of ten years. This component was probably a result of the Lindbergh kidnapping case and the surge of kidnapping children in the late twenties and early thirties. Section 2238 is not solely or primarily concerned with the kidnapping of children but is broader and treats two other types of kidnapping.
The law in Mississippi is clear that where a jury merely finds a defendant guilty of kidnapping and does not fix a punishment at death or life imprisonment, the trial court shall sentence the defendant to the penitentiary for a term of not less than one year or more than thirty years. Allen v. State, 166 Miss. 551, 148 So. 634 (1933).
Finally, there is no merit in the bizarre assertion urged in support of the first and third assignments of error, namely, that because of intimidation by Bankston and Murphy and because of fear of losing his life or undergoing great physical harm the appellant was compelled against his will to participate in the jail break and in the capture and kidnapping of the three hostages. At the outset, it is strange that although there were five prisoners in the "death" cell, only four escaped and the fifth man, who had the same freedom in maximum security which the appellant had, was not compelled to participate in the escape and kidnapping. Possibly that prisoner has not adopted the code of the underworld but still prefers to rely upon the mores, statutes and constitution of this state. The record discloses that the appellant voluntarily played too dominant a part in the capture of the hostages and the escape to be merely acting under duress or fear. Moreover, two instructions granted to the appellant expressly instructed the jury that if they believed the appellant was faced with an immediate threat to his life at the time of the alleged kidnapping unless he participated in the alleged kidnapping they should find him not guilty.
The rule that the jury is the trier of disputed facts is so well established in this state that citation of authority is unnecessary. In the case at bar the issue of whether or not the appellant was by duress and intimidation forced to participate in the escape and kidnapping of the three officials was clearly presented to the jury for determination. This issue of fact the jury resolved against the appellant and the evidence is ample to substantiate the verdict of the jury. Murphree v. State, 228 So.2d 599 (Miss. 1969); Buckley v. State, 223 So.2d 524 (Miss. 1969); Anthony v. State, 220 So.2d 837 (Miss. 1969); Roark v. State, 220 So.2d 279 (Miss. 1969); Joseph v. State, 218 So.2d 734 (Miss. 1969); King v. Cook, 211 So.2d 517 (Miss. 1968).
This case is a classical example of the Biblical truth, "The way of transgressors is hard." Proverbs 13:15.
For the foregoing reasons there are no reversible errors in the trial of this cause and the judgment of the circuit court therefore is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and SMITH, JJ., concur.