453 So.2d 710 (1984)
Walter HARMON
v.
STATE of Mississippi.
No. 55012.
Supreme Court of Mississippi.
August 1, 1984.
*711 George L. Dorrill, Thornton, Guyton, Dorrill & Pettit, Kosciusko, for appellant.
Bill Allain, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and BOWLING and HAWKINS, JJ.
WALKER, Presiding Justice, for the Court:
This case comes as an appeal from the Circuit Court of Attala County. Walter Harmon was convicted of aggravated assault and sentenced to twenty years without possibility of parole as an habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Supp. 1983).[1]
Walter Harmon and James Harmon were sitting in a car in front of the home of Mary Landingham, James' mother-in-law, on January 2, 1983 at approximately 7:00 p.m.
The victim, James Harmon, testified that the appellant without cause or provocation said, "James, I'll shoot your tongue out," put a pistol into the victim's mouth and fired the pistol. The victim's nine-year-old son testified that he heard appellant say he was going to shoot the victim and the victim told him not to shoot the gun in the car. The son witnessed the shooting and saw appellant follow the victim out of the car and shoot at the victim again as he was going into the Landingham home.
James Harmon's wife also testified that she heard Walter threaten to shoot James shortly before the shooting occurred.
Walter Harmon did not take the stand in his own behalf, and no one testified for *712 him. The jury found him guilty of aggravated assault.
On appeal the appellant assigns three errors: the verdict was not supported by credible evidence establishing guilt beyond all reasonable doubt; the trial court erred in refusing to grant a mistrial when a witness for the state testified about a separate criminal offense purportedly committed by the defendant approximately one week prior to the incident in question; and the trial court erred in refusing jury instruction D-7 which states that if there was a reasonable doubt as to the correct interpretation of any fact the jury must resolve such doubt in favor of the accused.
As to appellant's first contention, although there may have been some inconsistencies in the testimony of the witnesses, it is within the province of the jury to sift through the facts and determine which to accept and which to reject. See Luckett v. State, 354 So.2d 1119 (Miss. 1978). There was ample evidence to support the verdict, absent any explanation by the defendant as to why he shot the victim.
The jury's request for leniency must be disregarded as mere surplusage. Craig v. State, 208 Miss. 528, 44 So.2d 860 (1950). Appellant's contention that this request shows the jury had a reasonable doubt as to his guilt is contrary to the instructions given the jury and the jury is presumed to follow its instructions. See Williams v. State, 427 So.2d 100, 103 (Miss. 1983).
The appellant's second assignment is without merit. The trial court sustained appellant's objection to the testimony about the earlier incident and instructed the jury to disregard that testimony. The jury is presumed to have followed the instruction given by the trial judge and there is no reversible error. In the case cited by appellant, Massey v. State, 393 So.2d 472 (Miss. 1981) the objection was not sustained and no instruction was given to the jury to disregard the improper testimony.
Appellant's complaint that the court refused to grant instruction D-7 is not supported by any authority. This Court does not as a general rule consider unsupported assignments of error. Ramseur v. State, 368 So.2d 842, 844 (Miss. 1979).
The refused instruction D-7 is similar to the "two-theory" instruction which is properly given only in purely circumstantial evidence cases. Bullock v. State, 391 So.2d 601 (Miss. 1981). Because there was eyewitness testimony this is not a circumstantial evidence case. Reading all the instructions given, the jury was properly instructed on the law of the case.
For the above stated reasons, the judgment and sentence of the lower court are affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
NOTES
[1] Walter Harmon was convicted of manslaughter in Attala County, Mississippi in 1970 and of two counts of assault and battery by means of deadly weapon and one count of assault by means of deadly weapon in Plymouth County, Massachusetts in 1977.