592 So.2d 987 (1991)
Rufus MARTIN
v.
STATE of Mississippi.
No. 89-KA-0191.
Supreme Court of Mississippi.
December 31, 1991.
*988 James D. Franks, Hernando, for appellant.
Mike C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Rufus Martin was indicted by a Tate County grand jury on June 2, 1988, for the burglary of an automobile, kidnapping, sexual battery, rape, and robbery. Between October 24 and 27 of 1988, Martin was tried and convicted of all the charges except robbery. The jury fixed the penalty for the kidnapping and the rape at life imprisonment, and the judge sentenced Martin to seven (7) years for burglary of an automobile, and twenty (20) years for sexual battery with the sentences to run consecutively.
Martin appeals and assigns as error:
1. The trial court erred in failing to strike 12 veniremen for cause after said veniremen stated during voir dire that each would automatically sentence a defendant convicted of rape to life imprisonment; and
2. The trial court erred in failing to require the state to provide him with a composite drawing and a video tape by which the alleged victim identified him, or grant him a continuance in which to view these items of evidence.

I.

DID THE TRIAL COURT ERR IN FAILING TO STRIKE TWELVE VENIREMEN FOR CAUSE AFTER THEY STATED DURING VOIR DIRE THAT EACH WOULD AUTOMATICALLY SENTENCE A DEFENDANT CONVICTED OF RAPE TO LIFE IMPRISONMENT?
During voir dire, defense counsel asked the venire if they felt that in all rape cases a person found guilty deserved life imprisonment. Twelve (12) of the veniremen responded affirmatively. Defense counsel requested that those twelve (12) veniremen be stricken for cause because they would automatically sentence the defendant to life. The trial judge refused to strike them for cause but instructed defense counsel that they might be ideal for peremptory challenges. Defense counsel only used six (6) of his twelve (12) peremptory challenges and of the six (6) only three (3) were used on the veniremen in question.
On appeal it is urged that this case is analagous to a death qualification case and therefore the trial court should stike for cause any juror whose views of punishment would substantially impair the performance of his duties as a juror in accordance with his instructions and oath. That is not the complete rule. In order to strike a juror for cause there must be a clear showing that the prospective juror would be unable to follow the court's instructions and obey his oath; a juror's views alone do not constitute grounds for a challenge. A clear showing that a juror's views would prevent or significantly impair the performance of his duties requires more than a single response to an initial inquiry. Fuselier v. State, 468 So.2d 45, 55 (Miss. 1985).
Defense counsel only asked one question, and the veniremen answered the one question. This is not sufficient to establish a clear showing of impaired ability to perform the responsibilities of a juror.
Notwithstanding the failure to make a clear showing of impaired ability to perform their responsibility, Martin did not use his peremptory challenges to strike the jurors himself. A prerequisite to presentation of such a claim on appeal is a showing that all peremptory challenges were exhausted. Chisholm v. State, 529 So.2d 635, 639 (Miss. 1988). The trial court will not be put in error because of failure to permit a challenge for cause as long as peremptory challenges remain unused. Johnson v. State, 512 So.2d 1246, 1255 *989 (Miss. 1987); Gilliard v. State, 428 So.2d 576 (Miss. 1983).
There is no merit to this assignment of error.

II.

DID THE TRIAL COURT ERR IN FAILING TO REQUIRE THE STATE TO PROVIDE THE DEFENDANT WITH THE COMPOSITE DRAWING AND THE VIDEO TAPE BY WHICH THE ALLEGED VICTIM IDENTIFIED THE DEFENDANT, OR TO GRANT THE DEFENDANT A CONTINUANCE IN WHICH TO VIEW THESE ITEMS OF EVIDENCE?
During the testimony of a witness on rebuttal, mention was made of a composite drawing and a video tape used by the police to identify Martin. Defense counsel objected to the mention of a composite and video tape because he was not informed of its existence and was not allowed to view it. Defense counsel requested to view the composite and the video tape. The trial judge was not certain that there was a violation of Miss.Crim.R.Cir. Prac. 4.06 since the witness was on rebuttal and the evidence was not offered in the state's case-in-chief. The trial judge did not allow the items to be offered into evidence and offered to admonish the jury to disregard the reference, to allow Martin to view the tape, and also to consider the other alternatives if there was a showing of prejudice.
The trial judge attempted to follow the guidelines of Box v. State, 437 So.2d 19, 23 (Miss. 1983), but he did not complete the process. The judge offered Martin an opportunity to view the tape but the trial court was not certain if the composite was still in existence. Martin was allowed to interview the sheriff about the composite and the video tape but he did not view the video tape. Martin did not request a continuance. The trial judge, based on prior findings and the presentation of the defense, did not think that there was any prejudice, and simply excluded the testimony, asking the jury to disregard any previous mention of the composite and video tape.
Martin contends that the composite and the video tape would have shown if the original description given by the victim resembled Martin and would have disclosed whether the tape was unduly suggestive. Implying that the material may have been exculpatory, Martin argues that knowledge of the material could have changed his defense from that of consent to alibi.
Martin's contentions are inconsistent with his theory of defense and his testimony at the trial. Martin testified that he asked the victim for a ride home as she left work. The two then rode around and later stopped in a secluded area. According to Martin sexual intercourse was engaged in, but it was consented to by the victim. At no time during his testimony did Martin state that he was not with the victim or raise the possibility that the victim had identified the wrong man. He admitted that he had been with the victim. The composite or video tape could in no way exculpate Martin from what the victim testified happened in the car. Even if the video tape had been suggestive, it would only have resulted in it being excluded from evidence, which is what the trial court did anyway. The trial judge considered Martin's testimony and also that the state was offering rebuttal testimony and determined that the lack of access to the materials was not prejudicial to Martin. The judge cured any error by his ruling.
In view of Martin's testimony, the video tape and the composite could not have been exculpatory. Though there was a technical violation of discovery, the failure was harmless error. Fowler v. State, 566 So.2d 1194, 1198 (Miss. 1990); Carraway v. State, 562 So.2d 1199 (Miss. 1990); Hall v. State, 546 So.2d 673 (Miss. 1989); Buckhalter v. State, 480 So.2d 1128 (Miss. 1985).
There is no merit to this assignment of error.
COUNT I: CONVICTION OF BURGLARY OF AN AUTOMOBILE AND SENTENCE OF SEVEN (7) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. *990 COUNT II: CONVICTION OF KIDNAPPING AND SENTENCE OF LIFE IMPRISONMENT AFFIRMED. COUNT III: CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. COUNT IV. CONVICTION OF RAPE AND SENTENCE OF LIFE IMPRISONMENT AFFIRMED. ALL SENTENCES SHALL RUN CONSECUTIVELY.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.