CARLTON, J.,
dissenting:
¶ 14. I respectfully dissent from the decision of the majority. Instead, I would affirm the judgment and conviction imposed by the trial court, without prejudice to Brown’s pursuit of a post-conviction-relief claim regarding her assertion of ineffective assistance of counsel. See Wilcher v. State, 863 So.2d 776, 825 (¶ 171) (Miss.2003). The resolution of Brown’s claim of ineffective assistance of counsel requires consideration of evidence and matters beyond the scope of the record before us. Id. Furthermore, a review of jury selection necessarily entails an evaluation of trial strategy.
¶ 15. I submit that Brown is procedurally, barred from raising issues regarding the juror at issue because she raised no *1052 challenge to the juror during voir dire or at any time during trial. Edwards v. State, 737 So.2d 275, 308 (¶ 103) (Miss.1999); Carr v. State, 655 So.2d 824, 853 (Miss.1995). Moreover, I respectfully submit that on its face, the record fails to support a showing of constitutionally deficient representation requiring the trial court to act sua sponte.[1] I further submit that a review of the record shows that the verdict is not against the overwhelming weight of the evidence. Pearson v. State, 937 So.2d 996, 999 (¶ 8) (Miss.Ct.App.2006).
¶ 16. The record shows that Brown was arrested after purchasing drugs from a confidential informant at a drug buy arranged by the Neshoba County Police Department. The confidential informant testified at trial court about the sale of Schedule III controlled substances, and a drug analyst from the Mississippi Crime Laborarory confirmed that the drugs constituted fifteen dosage units of Hydroco-done and Acetaminophen, Schedule III controlled substances. Also, a DVD of the footage of the confidential informant’s activity was shown to the jury that corroborated much of the testimony of the informant. Even though the DVD did not show the actual exchanging or the sale of the controlled substances, the DVD showed Brown’s face, as well as her hands holding the purchase money during the alleged transaction.
¶ 17. The record shows the trial court’s questions during voir dire established that the juror at issue was not related to any witnesses in the instant trial, nor anyone on the police force conducting the undercover operation with the informant. The record showed the juror’s relative, a nephew, was a federal officer with the DEA, and not a state or county law enforcement officer. The Neshoba County Police Department conducted the investigation and informant activity in this case, and not any federal agency. The record, including a review of voir dire as a whole, fails to clearly show that the juror at issue could not perform her duties. See Martin v. State, 592 So.2d 987, 988 (Miss.1991); Lattimer v. State, 952 So.2d 206, 214 (¶ 22) (Miss.Ct.App.2006). The response by this juror must be reviewed in context. The trial court also asked during voir dire if any juror knew anything about the case, and the juror indicated no prior knowledge. The trial court asked if any experiences the jurors, their family members, or friends have had with the type of crime involved in the trial would affect their decision, and the juror at issue gave no indication of any reason for excusal. As stated, the trial court also established that no juror was related to any of the law enforcement involved in this case. The majority reverses the judgment and conviction based upon isolated responses elicited by counsel after the trial court concluded its questioning. In determining whether reversible error occurred, the juror’s responses to the voir dire as a whole should be considered, as well as the record as a whole.
¶ 18. “The jury is presumed to have followed the instruction given by the trial judge.” Hall v. State, 785 So.2d 302, 306 (¶ 12) (Miss.Ct.App.2001); see also Harmon v. State, 453 So.2d 710, 712 (Miss.1984). Nothing in the record reflects that this juror indicated any objection to following the instructions of the trial court. Furthermore, Brown failed to raise a challenge to strike this juror at trial. Accordingly, I find that this issue is procedurally *1053 barred from review on direct appeal. Edwards, 737 So.2d at 308 (¶ 103).
GRIFFIS, P.J., JOINS THIS OPINION.

. Brown failed to raise a challenge of the juror at issue for cause, and also failed to use one of her peremptory challenges to strike the juror. To allow Brown to raise this issue now as reversible error would allow a manipulation of the jury-selection process.