# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-00296-COA

**AUTRAVIOUS GASTON A/K/A TRE A/K/A AUTRAVIOUS TIYON GASTON A/K/A OG**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/16/2018 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOSEPH SCOTT HEMLEBEN |
| DISTRICT ATTORNEY: | SCOTT WINSTON COLOM |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 04/30/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

TINDELL, J., FOR THE COURT:

¶1.     Autravious Gaston ("Gaston") appeals his sentence of life imprisonment for kidnapping from the Lowndes County Circuit Court. His sole argument is the legality of the sentence, pursuant to Mississippi Code Annotated section 97-3-53 (Rev. 2014), whereby a trial court may only sentence a defendant to life imprisonment for kidnapping if a jury pre-fixes that sentence in its verdict. Because the jury did not authorize this sentence, we find that the trial court exceeded its statutory sentencing authority, and we reverse and remand this case for re-sentencing.

## FACTS AND PROCEDURAL HISTORY

¶2. On February 16, 2018, a jury convicted Autravious Gaston ("Gaston") of one count of grand larceny (Count I), two counts of kidnapping (Counts II and III), two counts of armed robbery (Counts IV and V), two counts of sexual battery (Counts VI and VII), and one count of possession of a firearm by a felon (Count VIII). The trial court held a sentencing hearing the same day and sentenced Gaston as follows: five years in the custody of the Mississippi Department of Corrections for Count I; life imprisonment for Count II; thirty years for Count III; life imprisonment for Counts IV and V; thirty years for Count VI and VII; and ten years for Counts VIII—all to be served consecutively except for Counts IV and V, which were to be served concurrently.

¶3. Gaston now appeals the trial court's sentence of life imprisonment for kidnapping in Count II, arguing that the sentence was illegal pursuant to Mississippi Code Annotated section 97-3-53. In its responsive brief, the State acknowledged that the trial court erred by sentencing Gaston beyond the statutory maximum without proper authority.

## STANDARD OF REVIEW

¶4. Generally, this Court applies "a highly deferential standard of review for sentencing matters, leaving the imposition of the sentence to the trial court's discretion." *Perryman v. State*, 120 So. 3d 1048, 1052 (¶10) (Miss. Ct. App. 2013). A trial court's sentence will not be disturbed unless it exceeds the statutory maximum for the particular crime in question. *Wallace v. State*, 607 So. 2d 1184, 1188 (Miss. 1992).

## ANALYSIS

¶5. Gaston's first and only assignment of error was that the trial court illegally imposed the sentence of life in prison upon his conviction of kidnapping, contrary to statutory authority. Mississippi Code Annotated section 97-3-53 states that any person convicted of kidnapping

> shall be imprisoned for life in the custody of the Department of Corrections **if the punishment is so fixed by the jury in its verdict**. If the jury fails to agree on fixing the penalty at imprisonment for life, the court shall fix the penalty at not less than one (1) year **nor more than thirty (30) years** in the custody of the Department of Corrections.

(Emphasis added). Mississippi law is clear that a jury must pre-fix a sentence of life imprisonment for kidnapping in its verdict or else the trial court is bound by the statutory maximum of thirty years. *Brooks v. State*, 236 So. 2d 751, 754 (Miss. 1970). Where a trial court fails to follow the statute, the failure constitutes plain error, and the case must be remanded for re-sentencing. *Erwin v. State*, 557 So. 2d 799, 801 (Miss. 1990).

¶6. There is no evidence here that the jury fixed Gaston's sentence at life in prison during the trial of this matter. The jury merely found Gaston guilty of kidnapping, among other charges, without addressing any possible punishment for this crime. The State acknowledges in its brief that the trial court exceeded its statutory authority by imposing this sentence. Further, the State agrees that Gaston's case must be returned to the trial court for a new sentencing hearing on the kidnapping charge. By imposing a sentence of life imprisonment without authority from the jury, the trial court reached beyond its statutory limits, and we have no choice but to find error in this case. Accordingly, we reverse and remand this case for re-sentencing as to Count II.

3

¶7.    **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**