# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

# OCTOBER TERM, 1908.

JOHN THURMOND v. STATE OF MISSISSIPPI.

[47 South. 434.]

CRIMINAL LAW AND PROCEDURE. *Murder. Indictment. Amendment. Change of name of deceased. Designation by number. Code 1906, § 1508.*

Where on the trial of a murder, case the witnesses were uncertain as to the name of the decedent as charged in the indictment, but knew him definitely as "Twelve," referring to his number as a convict, an amendment of the indictment so as to make it charge the murder of one "Twelve," a human being, etc., was permissible, under Code 1906, § 1508, authorizing the amendment of indictments.

FROM the circuit court of Holmes county.

HON. SYDNEY SMITH, Judge.

Thurmond, appellant, was indicted, tried and convicted of murder, and appealed to the supreme court. The facts are stated in the opinion of the court.

*A. M. Pepper,* for appellant.

The record presents a case of an indictment for the murder of one man, and a conviction under the same indictment for the murder of another man. The accused is indicted for one offense

94 Miss.— 1

and convicted for another.   There was no "misdescription of the person" whom the accused is charged with having murdered. His identity and existence and whereabouts are clearly proved, establishing the facts that William Johnson still lives and had not suffered death at the hands of appellant, as alleged in the indictment.

The question then arises, can a man be tried for the murder of one person and convicted thereof on an indictment that charges the accused with the murder of another entirely different man?   If this can be done, what becomes of the constitutional provisions which declare that "the accused shall have a right to demand the nature and cause of the accusation against him?"   "And no person shall be held to answer for a capital or other infamous crime unless on a presentment or indictment of a grand jury."   "Nor deprived of life, liberty or property without due process of law."

In this case the testimony of witnesses as to the death or killing of William Brown was admitted over appellant's objection, before the indictment was amended, and afterwards.   This proposition is elementary and under no rule of evidence could testimony of the killing of a different and distinct person from the one named in the indictment, be heard on the trial, on the indictment then before the court.   This indictment as amended was not a "presentment or indictment of a grand jury," but an indictment found and returned by the court at the request of the district attorney.

*George Butler,* assistant attorney general, for appellee.

It will be noted that the witnesses for the state stated they did not know the name of deceased; that William Johnson and William Brown came there together, and that deceased was known as "Twelve."   Each witness for the state in response to the interrogatory of the district attorney as to what they knew about the killing of "William Johnson" told of the death of the deceased.

It was proper to amend the indictment. The identity of the offense was not changed, and appellant would be in the position to plead former jeopardy, if indicted again for the offense.

The effect of the amendment was to describe accurately the identical offense for which the grand jury had indicted, and this was proper. *Miller v. State,* 53 Miss. 403.

CALHOON, J., delivered the opinion of the court.

This case is on appeal from a conviction of murder, with a life sentence. The jury, on facts in evidence, found that it was murder, and we shall not disturb that conclusion.

The man convicted was an overseer of convicts on a county farm. To this farm two men, named Will Johnson and Will Brown, had been sent as convicts. The indictment charges the murder of Will Johnson. On the trial the witnesses for the state were unable to say whether the man killed was Will Johnson or Will Brown; but they all knew and said positively that they did know the man by number only, and that he was convict No. Twelve. Thereupon the district attorney, by permission of the court, was allowed to amend the indictment by describing the man killed as convict No. Twelve. We think this amendment was proper, under Code 1906, § 1508. This interfered in no way with the full right of the defendant, should he be again indicted for the same murder, to plead previous conviction or previous acquittal. The offense charged murder, and, whatever his actual name may have been, he was convict No. Twelve.

We have carefully read the very cogent written argument of counsel for the appellant, but cannot concur with him that this record shows reversible error.

*Affirmed.*