## GILLESPIE *v.* STATE.

May 10, 1954

No. 39167 64 Adv. S. 13 72 So. 2d 245

*Ernest L. Brown,* Macon, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant was convicted in the Circuit Court of Noxubee County of the murder of Lish Edwards and was sentenced to life imprisonment in the state penitentiary. The conviction is amply supported by the evidence.

Appellant argues that the trial court committed reversible error in permitting the State to amend the indictment immediately prior to the beginning of the trial. The killing occurred on July 12, 1953. The indictment was returned on August 18 and the trial was held on August 21. The original indictment charged that appellant murdered "Zach Edwards". After the jury was selected, the district attorney moved the court to permit the State to amend the indictment by changing the name of the murdered person from Zach Edwards to Lish Edwards. On this motion Sarah Frierson testified that Zach Edwards was alive and present in the

courtroom, and that Elisha or Lish Edwards was a different person, the brother of Zach. The county attorney testified that prior to the convening of the grand jury the case was docketed as murder by appellant of Lish Edwards, and that he presented the matter to the grand jury and it indicted appellant for the murder of Elisha or Lish Edwards. The trial court by order in writing then permitted the amendment over appellant's objection, following which the State began to put on its testimony.

We do not think that this was error. Mississippi Code 1942, Section 2532, provides that where on the trial of an indictment there appears any variance between the Christian name of any person stated in the indictment and that shown in the proof, the trial court may allow the indictment to be amended according to the proof, if the variance is not material to the merits of the case, and if the defendant cannot be prejudiced thereby in his defense on the merits. In other words, the amendment may be made to state truly and describe accurately the particular and identical offense for which the grand jury indicted. Mississippi Constitution, Section 26, requiring that an accused be advised of the offense charged, does not prohibit an amendment which does not deprive the accused of any substantial right necessary to the ends of justice. The importance of properly identifying the person upon whom the crime was committed is to apprise the accused of the particular offense charged with a view to his defense. In this case there was a clerical mistake in the use of the deceased's Christian name. Appellant was not prejudiced by the amendment. The offense charged in the indictment was not changed. The amendment before trial was made to state truly the first name of the person for the killing of whom the grand jury indicted accused. Its purpose was to accurately identify and particularly describe, as to name, the very offense charged in the indictment.

All of the evidence showed that the man whom appellant killed on the morning in question was Lish Edwards. That is not denied. It is not shown that there was any surprise to appellant by this substitution of the true Christian name of the deceased, nor can we see any reason for holding that the trial of accused was at all prejudiced by the amendment. Similar amendments in accordance with Code Section 2532 have been approved in a number of cases. Wood v. State, 64 Miss. 761, 773, 2 So. 247 (1887); Thurmond v. State, 94 Miss. 1, 47 So. 434 (1908); Mackguire v. State, 91 Miss. 151, 44 So. 802 (1907); Miller v. State, 53 Miss. 403 (1876); Miller v. State, 68 Miss. 221, 8 So. 273 (1890); Horn v. State, 165 Miss. 169, 147 So. 310 (1933); Davis v. State, 150 Miss. 797, 117 So. 116 (1928); Hughes v. State, 207 Miss. 594, 603, 42 So. 2d 805 (1949). Blumenberg v. State, 55 Miss. 528 (1878), relied upon by appellant, is clearly distinguishable. That amendment charged a different sale of liquor to a different person, which was a separate offense. Both of the purchasers had on separate occasions bought liquor from appellant. Moreover, it was not there shown, as it is here, that the name stated in the amended indictment was the one the grand jury had in mind when considering the charge.

 Nor was there any error in the court's denial of appellant's oral motion for a continuance, made after the amendment was allowed. The motion itself, and the motion for a new trial failed to show by affidavit any way in which appellant was prejudiced by denial of the continuance. And under Code Section 1520 such denial is not ground for reversal unless we are satisfied that injustice resulted from it. Mississippi Code 1942, Section 2532; Rule 11, Mississippi Supreme Court; Knight v. State, 64 Miss. 802, 806, 2 So. 252 (1887).

Affirmed.

*Roberds, P. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.