## McDole *v.* State

No. 40328          January 7, 1957          91 So. 2d 738

*Mitchell & Simmerman, W. L. Richardson,* Pascagoula, for appellant.

*John H. Price, Jr., Asst. Atty. Gen.,* Jackson, for appellee.

HALL, J.

Appellant was indicted for willfully, unlawfully, feloniously and burglariously breaking and entering a certain inhabited dwelling house in the nighttime belonging to Edna Flowers, with the felonious intent to unlawfully, willfully and feloniously rape, ravish and carnally know one Vernell Harris violently and against her consent. He was convicted and appeals therefrom. Only two errors are assigned and argued.

Before the beginning of the trial the State made a motion for leave to amend the indictment so as to show that the female involved was Ida Pearl Harris instead of Vernell Harris, and the court sustained this motion, which action appellant claims is reversible error. There is no merit in this contention. Section 2532, Code of 1942, provides that where on the trial of an indictment there appears any variance between the Christian name of any person stated in the indictment and that shown in the proof, the trial court may allow the indictment to be amended according to the proof, if the variance is not material to the merits of the case and if the defendant can not be prejudiced thereby in his defense on the merits. In the case of Gillespie v. State, 221 Miss. 116, 72 So. 2d 245, we held that in an indictment for the murder of Zach Edwards there was no error in the court allowing the State to amend the indictment so as to change the name from Zach Edwards to Elisha or Lish Edwards for the reason that the offense charged in the indictment was not changed but that the amendment was to accurately identify and particularly describe, as to name,

the very offense charged in the indictment. In the case at bar the appellant was charged with the offense of burglary and there was no change in the charge made against him but only in the name of the person whom he intended to ravish.

■■■ The other assignment of error is that the court erred in failing to grant the appellant a peremptory instruction. The proof shows by several witnesses that someone removed a screen from the kitchen window and climbed up on a table and entered the house at the window, knocking an ash tray and several bottles which had been sitting in the window to the ground. The culprit was barefooted and left footprints along with sprigs of grass and other debris. This occurred at approximately two o'clock in the morning. The house was occupied by Edna Flowers and her husband and they, with two small children were sleeping in the front part of the house. Behind their bedroom Vernell Harris and Ida Pearl Harris were sleeping in a bed together. Ida Pearl was seventeen years of age and Vernell was nineteen. They were daughters of Edna Flowers by a former marriage. In an adjoining room their married sister was sleeping with a baby. An electric light had been left burning, with a forty-watt globe, for the convenience of the married sister in looking after the baby during the night.

The culprit entered the room where Ida Pearl and Vernell were sleeping and got in the bed with them. He began feeling the sexual organs of Ida Pearl and this awakened her and she immediately began talking loudly and asking him how he got there. This awakened Vernell and she ran into her mother's bedroom and reported the incident. When this occurred the culprit climbed over the footboard of the bed, leaving his muddy footprints and sprigs of grass on the bed. He went out the back door which had a night latch on it that could be opened only from the inside. By the light which was burning Ida Pearl and Vernell both got a good look at the cul-

prit. They immediately called the police department and on the following day the appellant was arrested and promptly and positively identified by Ida Pearl and Vernell. They did not know appellant's name but he lived about a block away on the same street and they had seen him several times passing their home. The appellant of course denied that he was the one who entered the house, but offered practically no proof to corroborate his denial. Under these facts we think that the issue was clearly for the jury and that the lower court committed no error in refusing the requested peremptory instruction.

Affirmed.

*Roberds, P. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.