425 So.2d 1043 (1983)
Bobby Ree EVANS
v.
STATE of Mississippi.
No. 53882.
Supreme Court of Mississippi.
January 26, 1983.
Ben F. Hilbun, Jr., Starkville, for appellant.
Bill Allain, Atty. Gen. by Carlton McCullough, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, BROOM and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Oktibbeha County wherein Bobby Ree Evans, appellant, was indicted, tried and convicted for the January 8, 1982, armed robbery of Pearl Johns, an employee of the Factory Outlet and Frame and Gift Shop in Starkville, Mississippi. Upon conviction, the trial judge ordered that Evans be imprisoned with the Mississippi Department of Corrections for a period of twenty years. Aggrieved of his conviction and sentence, Evans appeals. We affirm.
On January 8, 1982, at approximately 2:30 p.m., an armed robbery occurred at the Factory Outlet and Frame and Gift Shop in Starkville. Pearl Johns, an employee of the shop at the time, identified appellant as the perpetrator of the crime.
Appellant was arrested at approximately 2:31 p.m., one and a half blocks away from the scene of the crime. Money was recovered from appellant's person which included a large amount of change. However, no weapon[1] was found on his person.
Appellant denied committing the robbery. He asserted he had earned the money found on his person while working. When asked about the large amount of change, appellant responded that he always carried a lot of change and had gotten extra change on this particular day to do his laundry.
The jury returned a verdict of guilty as charged. Upon failure of the jury to affix appellant's punishment at life, the trial judge sentenced him to twenty years.
I. Did the trial court err in allowing the state to amend the indictment during the course of the trial to reflect the proper surname of the victim of the alleged armed robbery?
The indictment in the present case charged as follows:
THE GRAND JURORS of the State of Mississippi, taken from the body of the *1044 good and lawful men and women of said County, duly elected, empanelled, sworn and charged, at the Term aforesaid of the Court aforesaid, to inquire in and for the body of the County aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present: That BOBBY REE EVANS late of the County aforesaid, on or about the 8th day of January, 1982, in the County aforesaid did unlawfully, wilfully & feloniously, take, steal, and carry away from the presence of PEARL JOHNSON the personal property of the FACTORY OUTLET AND FRAME AND GIFT SHOP, a partnership consisting of A.C. THOMPSON and JUANITA THOMPSON, to wit: Approximately $45 in money against the will of the said PEARL JOHNSON by putting her in fear of immediate injury to her person by the exhibition of a deadly weapon, to wit: A knife, with the intent to permanently deprive the owner thereof.
Appellant's trial began approximately one month after the indictment was returned. The State's first witness was Pearl Johns, the victim of the crime. Following the conclusion of her testimony, defense counsel moved for a mistrial, asserting that the variance between the victim's name as shown by the indictment and the victim's true name deprived him of the opportunity to prepare a defense to her testimony. The state thereafter moved to amend the indictment to conform to the proof, which motion was granted by the trial court.
Appellant contends that by allowing the state to amend the indictment, he was denied his right to adequately prepare his defense. Appellant relies on Rule 4.06 of the Uniform Criminal Rules of Circuit Court Practice which governs discovery in a criminal prosecution. It provides in part:
The prosecution shall disclose to each defendant or to his attorney, and permit him to inspect, copy, test, and photograph upon request and without further order the following:
(1) Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial;
(2) Copy of any recorded statement of the defendants to any law enforcement officer.
Upon a showing of materiality to the preparation of the defense, the court may require such other discovery to defense counsel as justice may require.
Mississippi Code Annotated section 99-17-13 (1972) provides:
Whenever, on the trial of an indictment for any offense, there shall appear to be any variance between the statement in the indictment and the evidence offered in proof thereof, in the name of any county, city, town, village, division, or any other place mentioned in such indictment, or in the name or description of any person or body politic or corporate, therein stated or alleged to be the owner of any property, real or personal, which shall form the subject of any offense charged therein, or in the name or description of any person, body politic or corporate, therein stated or alleged to be injured or damaged; or intended to be injured or damaged, by the commission of such offense, or in the Christian name or surname, or both, or other description whatever, of any person whomsoever, therein named or described, or in the ownership of any property named or described therein, or in the description of any property or thing, it shall and may be lawful for the court before which the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense on the merits, to order such indictment and the record and proceedings in the court to be amended according to the proof, whenever it may be deemed necessary by the court to amend such indictment, record, and proceedings, on such terms as to postponing the trial, to be had before the same or another jury, as the court shall think reasonable. After such amendment, the trial shall proceed in the same manner, and with the same consequences in all respects, as if a variance had not *1045 occurred; but if the court shall, on application, refuse a continuance, the defendant may take a bill of exceptions thereto, and assign such refusal for error. (emphasis ours).
In Miller v. State, 53 Miss. 403 (1876), Miller was charged with assault with a deadly weapon of Roan Blackman. After the state had rested its case, the trial court sustained the state's motion to amend the indictment to change the victim's name from Blackman to Blackburn so as to conform to the proof. On appeal, this Court held that such action was proper. In Graves v. State, 148 Miss. 62, 114 So. 123 (1927), Graves was indicted for uttering a forgery. The indictment set up a copy of the check in which Tanks Keys was payee; however, the proof established that the payee's name was Tanks Kings. The trial court thereafter allowed the indictment to be amended to conform to the proof. On appeal, this Court upheld the amendment to the indictment. In Belina v. State, 228 Miss. 330, 87 So.2d 919 (Miss. 1956), Belina was indicted for the murder of Edward Handley. During the course of the trial it developed that the deceased's name was Edward Handy. A motion to amend the indictment was sustained and the trial court's action was upheld on appeal.[2]
Turning to the facts in the case sub judice, the amendment to the indictment changed the surname of the victim of the crime from Johnson to Johns. As heretofore shown, such action by the trial court is clearly supported by our previous decisions.
Based on the foregoing, appellant's conviction and sentence are hereby affirmed.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] According to Pearl Johns, appellant threatened her with a knife to effectuate the robbery.
[2] cases wherein amendments have been allowed to change the victim's first name are as follows:
JONES V. STATE, 279 So.2d 594 (Miss. 1973), indictment amended during trial to correct victim's name from Larry Smith to James Smith in prosecution for sale of marijuana; McDOLE V. STATE, 229 Miss. 646, 91 So.2d 738 (1957), indictment amended before trial to correct victim's name from Vernell Harris to Ida Pearl Harris in burglary prosecution; GILLESPIE V. STATE, 221 Miss. 116, 72 So.2d 245 (1954), indictment amended before trial to correct victim's name from Zach Edwards to Lish Edwards in murder prosecution;
DAVIS V. STATE, 150 Miss. 797, 117 So. 116 (1928), indictment amended during trial to correct victim's name from Ernest Jones to Man Jones in murder prosecution;
STATE V. GRADY, 147 Miss. 446, 111 So. 148 (1927), holding that if letters in an indictment preceding the names of the partners of a business were initials and not their full Christian names, such could be amended to correspond to the facts; and
MILLER V. STATE, 68 Miss. 221 (1890), indictment amended to allow the true Christian name of deceased in murder prosecution.