499 So.2d 781 (1986)
Anthony EVANS, Curtis Smith and Willie Lee Smith
v.
STATE of Mississippi.
No. 56822.
Supreme Court of Mississippi.
December 17, 1986.
Bentley E. Conner, George C. Nichols, Canton, Frank Evans, Ridgeland, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
*782 Before PRATHER, ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:

I
This is an appeal from the Circuit Court of Madison County, Mississippi, wherein Anthony Evans, Curtis Smith and Willie Lee Smith were convicted of armed robbery. Each Defendant was sentenced to twenty (20) years imprisonment. On appeal, each Defendant assigns the following as error:
(1) It is error to admit a material element of real evidence during re-direct examination of a state's witness.
(2) The trial court erred by admitting a co-defendant's confession inculpating a defendant where the declarant cannot be cross-examined.
(3) The lower court erred in allowing an amendment to the indictment concerning a material element of the indictment during the course of trial.
For the reasons set forth below, we find no merit to any of these assignments and affirm.

II.
On January 23, 1985, around midnight, two men robbed the Madison Ecol Station located at the intersection of Highway 463 and Interstate 55 in Madison County, Mississippi. At trial, the two men were identified as Defendants Anthony Evans and Willie Lee Smith.
The manager of the station testified that Anthony Evans held a gun on him while Willie Lee Smith kicked in the office door and looked for money. The manager also testified that Willie Smith took the safe (also referred to as a money box) and fled the station along with Evans.
A customer testified that around midnight on the evening of January 23, 1985, as he drove up to the Ecol Station, he saw two men going across a nearby field to a car parked on the ramp over I-55. The customer could not identify these two people.
Officer Dwight Morrison of the City of Madison Police Department testified that each Defendant had given a confession following his arrest. These confessions established that indeed Evans and Willie Smith robbed the Ecol Station and that Curtis Smith drove the getaway car. None of the Defendants took the witness stand in his own defense.
On June 11, 1985, the jury convicted the three Defendants of armed robbery, but refused to sentence them for life. On June 14, 1985, the trial court sentenced each Defendant to serve a term of twenty (20) years in the custody of the Mississippi Department of Corrections, with credit given for time spent in pre-trial detainment. It is from these convictions and sentences that each Defendant appeals.

III.
The Appellants first contend that during the State's re-direct examination of its own witness, the Ecol Station clerk, the trial court erred by admitting the money box stolen from the store. The Appellants argue that this effectively deprived them of the right to question the witness about material facts such as the witness' identification of the box, the basis for his identification, whether the box was in fact the object in question and whether the box had changed from the time of the robbery. Further, the Appellants argue that because they made no inquiry during cross-examination concerning the authenticity of the box, the witness could not be re-examined on a matter not brought out in cross-examination. Cole v. Tullos, 228 Miss. 815, 90 So.2d 32 (1956).
Generally, the scope and extent of re-direct examination is within the discretion of the court. 6 Wigmore, Evidence § 1896 (Chadbourn Rev. 1976); 98 C.J.S. Witnesses § 419 (1957). Thus, rulings of the trial court pertaining to redirect will not be disturbed unless there has been a clear abuse of discretion. Wharton's Criminal Evidence, § 451 (13 ed. 1972). See also Rule 611(a), Miss.R.Ev., effective January 1, *783 1986. Although the scope of re-direct is largely within the discretion of the court, R.5.08, Miss.Unif.Crim.R.Cir.Ct.P. provides that "[r]edirect examination is limited to matters brought out on cross-examination." R.5.08, Miss.Unif.Crim.R.Cir.Ct.P.
Physical objects which are relevant and for which the chain of custody is not broken or which are otherwise identified with certainty are admissible in evidence. Fondren Miss. Crim. Trial Prac. § 20-38 (1980). Matters regarding the chain of custody of evidence are largely within the discretion of the trial court, and absent an abuse of discretion, this Court will not reverse. Morris v. State, 436 So.2d 1381, 1388 (Miss. 1983). However, the Confrontation Clause of the Sixth Amendment is restricted to witnesses, and does not include physical evidence. United States v. Herndon, 536 F.2d 1027, 1029 (5th Cir.1976); G.E.G. v. State, 389 So.2d 325, 326 (Fla. Dist. Ct. App. 1980); State v. Armstrong, 363 So.2d 38, 39 (Fla. Dist. Ct. App. 1978).
Our examination of the record reflects that reference to the money box was made during defense cross-examination of Carl Jacobs, the clerk on duty the night of the armed robbery. This made the subject matter of the money box fair game for redirect examination. Before introduction of the box, the prosecuting attorney elicited a credible chain of custody through the witness Jacobs and the trial judge allowed the box to be received into evidence. Defense counsel for all three accuseds were allowed re-cross-examination of Jacobs following the introduction of the box. None of the accused suffered compromise of any substantial right by this action. The assignment of error is without merit and is denied.

IV.
The Appellants next contend that the admission of their post-arrest confessions via the testimony of Officer Dwight Morrison was reversible error. They argue that they were denied their Sixth Amendment right of confrontation because they were available as witnesses but were never called to testify.
The matter of the use as evidence of extra-judicial statements of a defendant which suggests guilt or criminal responsibility on the part of a co-defendant has received considerable attention before this Court in recent months. See Seales v. State, 495 So.2d 475 (Miss. 1986); Mitchell v. State, 495 So.2d 5 (Miss. 1986); see also Bruton v. United State, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and Lee v. Illinois, 476 U.S. ___, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986); and Brown v. State, 340 So.2d 718, 721 (Miss. 1976).
The critical fact to be kept in mind in the consideration of this assignment of error is that none of the three confessions, as presented to the jury by Officer Dwight Morris, made any reference to the other two defendants. Indeed, outside the presence of the jury, before the confessions were admitted, defense counsel for all three defendants moved to delete any references to the other defendants from each confession. Without examining the confessions, the trial court ruled:
The ruling will be that a statement made by a defendant pertaining to his individual involvement in the events would be admissible either as a confessional statement against interest or an admission. However, any portion of such statement which implicates or incriminates the co-defendants in any way would be inadmissible.
The district attorney made the following record in response to the court's ruling:
Your Honor, I would like the record to reflect that I have instructed the three witness [sic] for the State in regard to the statements, not to testify about what one defendant said in regard to his co-defendant. He can only testify as the court has so ruled as to that particular defendant's involvement.
The judge added:
And failure to do that will be grounds for a mistrial.
*784 Thereafter, in the presence of the jury, Officer Morrison testified as to the confessions given to him by Defendants Anthony Evans, Willie Lee Smith and Curtis Smith.[1] Because none of the three confessions implicated the other defendants, we consider this case as falling within the ambit of such decisions as Posey v. United States, 416 F.2d 545 (5th Cir.1969), wherein the Fifth Circuit followed the rule that
there is no error in the admission of a co-defendant's confession, if all references to the other defendants are deleted and there is no "substantial threat" to the right of confrontation and cross-examination. [citations omitted]
416 F.2d at 551.
In our view the trial judge was legally correctly and appropriately zealous in the protection of the rights of the accused with regard to the three confessions. The assignment of error is without merit and is denied.

V.
Finally, the three Appellants argue that the trial court erred when it allowed the prosecution to obtain an amendment of the original indictment during the course of trial. The indictment was amended to change the name of one of the victims from Madison Ecol Station to its parent company, Emerald Marketing, Inc. The amount stolen was also changed from $300.00 to $325.00. The amendment was offered to conform to the proof provided by the testimony of witness Bill Banks, who was the manager of the Madison Ecol Station. The trial court allowed the amendments, holding that
(1) The amendment was not of a material nature and (2) the amendment would not deprive the defendants of any defense which they might have had prior to the amendment.
These standards upon which the court's holding was based are set forth in Byrd v. State, 228 So.2d 874, 875-76 (Miss. 1969).
Miss. Code Ann. § 99-17-13 (1972)[2] expressly allows a party to amend an indictment during trial to correct a variance between the proof and the indictment where the amendment is to an immaterial matter and the defendant cannot be prejudiced thereby in his defense. Jackson v. State, 450 So.2d 1081, 1082 (Miss. 1984); Bingham v. State, 434 So.2d 220, 223 (Miss. 1983); Evans v. State, 425 So.2d 1043, 1044-45 (Miss. 1983); see also Van Norman v. State, 365 So.2d 644, 647 (Miss. 1978); Jones v. State, 279 So.2d 650-51 (Miss. 1973); Shelby v. State, 246 So.2d 543, *785 545 (Miss. 1971); Bennett v. State, 211 So.2d 520, 522 (Miss. 1968); Gillespie v. State, 221 Miss. 116, 118, 72 So.2d 245, 246 (1954). Put another way, the amendment to an indictment must be of form and not substance to be permissible. Akins v. State, 493 So.2d 1321, 1322 (Miss. 1986); Contreras v. State, 445 So.2d 543, 545 (Miss. 1984); Hannah v. State, 336 So.2d 1317, 1321 (Miss. 1976); Sanders v. State, 313 So.2d 398, 401 (Miss. 1975).
In Wood v. State, 155 Miss. 298, 304, 124 So. 353, 354-55 (1929), this Court held that an indictment amended during trial to reflect the proper corporate name of the victim of a burglary was proper. See also Sturgis v. State, 379 So.2d 534, 535 (Miss. 1980) (indictment can be properly amended under Section 99-17-13 to show correct corporate name). This is precisely the issue in the instant case, the only difference being that this case involves an armed robbery charge. Additionally, this Court has allowed an indictment to be amended during trial to reflect the proper surname of the victim of an alleged armed robbery. Evans v. State, 425 So.2d 1043, 1045 (Miss. 1983).
As to the amendment changing the amount of money stolen, this Court has held that it was proper to amend an indictment changing the amount stolen in an armed robbery from $5,000.00 to $1700.00 because it was an amendment of form and not substance. Sanders v. State, 313 So.2d 398, 401 (Miss. 1975).
The assignment of error is without merit and is denied.
CONVICTION OF ANTHONY EVANS OF ARMED ROBBERY AND SENTENCE OF TWENTY (20) YEARS IMPRISONMENT AFFIRMED; CONVICTION OF CURTIS SMITH OF ARMED ROBBERY AND SENTENCE OF TWENTY (20) YEARS AFFIRMED; CONVICTION OF WILLIE LEE SMITH OF ARMED ROBBERY AND SENTENCE OF TWENTY (20) YEARS AFFIRMED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
WALKER, C.J., not participating.
NOTES
[1] The trial judge proceeded with commendable caution in this tricky area of criminal procedure and evidentiary law, even though it may be that under our recent decisions he was more restrictive of the prosecution than was absolutely necessary. See Seales v. State, 495 So.2d 475 (Miss. 1986); Mitchell v. State, 495 So.2d 5 (Miss. 1986). Indeed, the procedure followed by the trial court in this case is almost identical to that approved by the Sixth Circuit in U.S. v. Dady, 536 F.2d 675 (6th Cir.1976). In that case, the Court held that the removal of incriminating features in co-defendants' confessions can be accomplished allowing the witness who heard the statement to paraphrase it in such a manner as to avoid any reference that might directly implicate other defendants. 536 F.2d at 676-78.
[2] Miss. Code Ann. § 99-17-13 (1972) reads in pertinent part:

Whenever, on the trial of an indictment for any offense, there shall appear to be any variance between the statement in the indictment and the evidence offered in proof thereof, ... in the name or description of any person or body politic or corporate, therein stated or alleged to be the owner of any property, real or personal, which shall form the subject of any offense charged therein ... it shall and may be lawful for the court before which the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense on the merits, to order such indictment and the record and proceedings in the court to be amended according to the proof, whenever it may be deemed necessary by the court to amend such indictment, record and proceedings, on such terms as to postponing the trial, to be had before the same or another jury, as the court shall think reasonable. After such amendment, the trial shall proceed in the same manner, and with the same consequences in all respects, as if a variance had not occurred... .