785 So.2d 302 (2001)
Tyrone HALL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00205-COA.
Court of Appeals of Mississippi.
February 27, 2001.
Rehearing Denied May 22, 2001.
*303 Thomas M. Fortner, Robert M. Ryan, Jackson, Attorneys for Appellant.
Office of the Attorney General by John R. Henry Jr., Booneville, Attorney for Appellee.
Before McMILLIN, C.J., PAYNE, and LEE, JJ.

PROCEDURAL HISTORY
PAYNE, J., for the Court:
¶ 1. A June 12, 1996 indictment charged Tyrone Hall, along with co-defendant Freddie Adams, Jr., with armed robbery in violation of Miss.Code Ann. § 97-3-79 (Rev.2000). Freddie Adams pled guilty and testified against Hall, who pled not guilty.
¶ 2. The indictment was amended on September 9, 1996, to change the phrase concerning whose property Hall and Adams stole from "the property of Chiquitta Spann" to "the property of Union Planters Bank of Central Mississippi." (Spann was a teller at the bank) Hall's trial took place in July 1998 in the Hinds County Circuit Court, First Judicial District. At the close of the State's case, Hall moved for a directed verdict; the motion was denied. Also, as the State delivered its closing statement, Hall objected to comments the prosecutor made concerning Hall's decision not to testify in his own behalf. Hall believed this warranted a mistrial, but the judge overruled this motion and instructed the jury to disregard the statements. A jury found Hall guilty as charged in the amended indictment. Hall was sentenced to ten years in the custody of the Mississippi Department of Corrections with seven years suspended and three years to serve. Hall filed a motion for judgment notwithstanding the verdict or motion for new trial in the alternative; such motion was denied. Aggrieved, Hall now appeals to this Court. Finding no reversible error, we affirm.

FACTS
¶ 3. This case stems from a bank robbery. On the morning of March 11, 1996, three masked men robbed a Union Planters Bank in Jackson at gunpoint, collecting approximately $37,000. Two of those three men were the appellant, Tyrone Hall, and Freddie Adams, who had pled guilty to the robbery and testified against Hall. The night prior to the robbery, the getaway car was stolen and, after the robbery, was found about six blocks away from the bank. The police found a gun and several ski masks inside the car, along *304 with some federal reserve bank notes scattered outside the car.
¶ 4. Just over a month after the crime, Hall and Adams were arrested and charged with robbing the bank. Having been advised of his Miranda rights, Hall told the police that he was at a McDonald's restaurant and had visited a dry-cleaning business the morning of the robbery. However, Michael Johnson testified that he saw Hall the day before the robbery in a vehicle matching a description of the stolen car, and that Hall had told Johnson he "had a major lick he wanted to do." Having already pled guilty to the robbery, Freddie Adams testified that Hall induced him into committing the robbery, that Hall used a gun in the holdup that Adams's girlfriend lent him, and that while he and Hall were in jail awaiting trial, Hall threatened him.

ANALYSIS OF THE ISSUES PRESENTED

STANDARD OF REVIEW
¶ 5. The appellant, Tyrone Hall, raises the following issues for review on appeal:
I. THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENSE A MISTRIAL FOLLOWING THE PROSECUTION'S IMPROPER COMMENTS DURING CLOSING ARGUMENT ON HALL'S FAILURE TO TAKE THE STAND AND DENY HIS PARTICIPATION IN THE CHARGED CRIME, IN VIOLATION OF THE MISSISSIPPI AND UNITED STATES CONSTITUTIONS.
II. THE PROSECUTION COMMITTED REVERSIBLE ERROR BY DIRECTLY AND INFERENTIALLY INTRODUCING EVIDENCE OF ALLEGED OTHER CRIMES, WRONGS OR ACTS ON THE PART OF HALL IN VIOLATION OF RULES 403 AND 404(B), MISSISSIPPI RULES OF EVIDENCE.
III. THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO IMPROPERLY AND SUBSTANTIVELY AMEND THE INDICTMENT PRIOR TO THE TRIAL, THEREBY, INVADING THE EXCLUSIVE PROVINCE OF THE GRAND JURY.
¶ 6. Regarding Hall's request for a mistrial and concerning the introduction of evidence, our standard of review states:
"This Court has repeatedly held that the granting of a motion for a mistrial is within the sound discretion of the trial judge." The reviewing court recognizes that the trial judge is in the best position to determine whether an objectionable remark has had any prejudicial effect. For this reason, the trial court is allowed considerable discretion in determining whether a remark was so prejudicial that it warrants a mistrial.
Evidentiary rulings are also within the trial judge's broad discretion and will only be reversed if the reviewing court perceives an abuse of that discretion. Furthermore, even if erroneous, the admission of evidence does not require reversal unless it produces unfair prejudice.
Shipp v. State, 749 So.2d 300 (¶¶ 13-14) (Miss.Ct.App.1999) (citations omitted).
¶ 7. Regarding Hall's third issue: "The question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by this court." Peterson v. State, 671 So.2d 647, 652 (Miss.1996). "[T]his Court conducts de novo review on questions of law." Id.

DISCUSSION OF THE ISSUES

I. THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENSE *305 A MISTRIAL FOLLOWING THE PROSECUTION'S IMPROPER COMMENTS DURING CLOSING ARGUMENT ON HALL'S FAILURE TO TAKE THE STAND AND DENY HIS PARTICIPATION IN THE CHARGED CRIME, IN VIOLATION OF THE MISSISSIPPI AND UNITED STATES CONSTITUTIONS.
¶ 8. Hall argues that the judge erred in not granting his motion for mistrial. Specifically, Hall asked for a mistrial after the judge overruled his objection to remarks the prosecutor made in his closing statement that Hall classifies as a comment on his decision not to testify in his own behalf. In his closing statement, the prosecutor referred to Freddie Adams's decision to plead guilty, telling the jury that Adams "had the decency to stand up in front of the Judge and say I did it." The prosecutor thereafter stated, "I've always believed that the first step to redemption is to confess your sins before men and at least Freddie Adams had the decency to do that." While these comments were perhaps inappropriate, they did not constitute reversible error for the reasons cited below.
¶ 9. In Blue v. State, 674 So.2d 1184 (Miss.1996), the supreme court addressed a similar situation, but did not find reversible error. In Blue, after describing the horrors associated with the murder the defendant was charged with committing, the prosecutor remarked, "This Defendant... has sat through this entire trial smiling." Blue, 674 So.2d at 1215. The court found these comments to be improper, but found that no reversible error had been committed because jury instructions corrected this error. In part, the Blue jury instructions read:
INSTRUCTION CR-1A
Arguments, statements and remarks of counsel are intended to help you understand the evidence and apply the law, but are not evidence. If any statement or remark has no basis in the evidence, then you should disregard that argument, statement or remark.
INSTRUCTION D-3
The Court instructs the jury that you have no right under the law to draw any unfavorable inference against the Defendant because he did not testify in this cause and that his failure to testify should not be considered by you as evidence.
INSTRUCTION C-1
The Court instructs the jury that you have no right under law to draw any unfavorable inference against the defendant because he did not testify in this phase of the trial.
Blue, 674 So.2d at 1215. The court concluded that reading these instructions together, there was no harm in the prosecution's comments since these instructions, "effectively eradicated any effect the prosecution's comment on Blue's demeanor may have had on the jury's decision." Id.
¶ 10. In Hall's case, the jury was instructed, in part, as follows: "The Court instructs the Jury that you must not consider the fact that the Defendant did not testify as being evidence against him, and no inference of any kind may be drawn from the fact that the Defendant did not testify in this case." This instruction resembles those quoted above from Blue that the supreme court found were sufficient to "cure" the disparaging remarks made by the prosecutor concerning the defendant's decision not to testify. The same is true in the present case, and this issue is without merit.

II. THE PROSECUTION COMMITTED REVERSIBLE ERROR BY DIRECTLY *306 AND INFERENTIALLY INTRODUCING EVIDENCE OF ALLEGED OTHER CRIMES, WRONGS OR ACTS ON THE PART OF HALL IN VIOLATION OF RULES 403 AND 404(B), MISSISSIPPI RULES OF EVIDENCE.
¶ 11. Hall claims the trial court was improper in admitting certain evidence in violation of Mississippi Rules of Evidence 403 and 404(b). Those rules state:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. [MRE 403]
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. [MRE 404(b)]
With this second issue, Hall first addresses the judge's allowing Freddie Adams to testify that Hall threatened him while the two were in jail awaiting trial. Hall's objection to this testimony was sustained, and the jury was instructed to disregard Adams's statement. The judge then denied Hall's subsequent motion for mistrial. Hall asserts in his brief that "no admonishment was ever directed to the jury to disregard the improper testimony." However, he is mistaken as the transcript of the trial shows the judge did make such charge to the jury.
¶ 12. "The jury is presumed to have followed the instruction given by the trial judge." Harmon v. State, 453 So.2d 710, 712 (Miss.1984). In Harmon, the judge sustained an objection to the witness's testimony, then the judge instructed the jury to disregard the witness's statement; the supreme court said this was sufficient to correct the error. Since the judge took similar action in this case, there is no error.
¶ 13. We do note that cases involving accomplice testimony are viewed with more caution. In Ferrill v. State, 643 So.2d 501, 506-07 (Miss.1994), this noted:
As a general rule a trial judge should not hesitate to grant the cautionary instruction when the State is relying upon the testimony of co-conspirators ... "the granting of a cautionary instruction regarding the testimony of an accomplice is discretionary with the trial judge." However, that discretion is not absolute; it may be abused. Two aspects in determining whether or not the discretion has been abused are (1) was the witness in fact an accomplice, and (2) was the testimony without corroboration... Where the state's evidence rests solely upon the testimony of an accomplice witness, this Court has said that the trial court errs in failing to give a cautionary instruction.
(citations omitted). In Hall's situation, Instruction D 11 admonishes the jury to examine Adams's testimony with caution, since Adams was involved in the robbery, as well. That instruction reads:
The Court instructs the jury that the law looks with suspicion and distrust on the testimony of an alleged accomplice, and requires the jury to weigh the same with great care and caution and suspicion. You should weigh the testimony from alleged accomplices, and passing on what weight, if any you should give the testimony, you should weigh it with *307 great care and caution, and look upon it with distrust and suspicion.
The court's giving this instruction acted to properly "caution" the jury concerning Adams's testimony and possible motives as an accomplice for providing such testimony. There was no error here.
¶ 14. Hall next argues that the court improperly admitted testimony concerning an excursion Hall took to Houston, Texas, shortly after the robbery while he was in possession of $18,000. Hall argues that this information had no relationship to any material fact at issue and that the prosecution improperly solicited information concerning this trip in efforts to incriminate Hall, since Hall suspiciously had such a large amount of cash on him shortly after the robbery. Looking to the record transcript of the testimony, it appears that Hall did not object to this information being presented; accordingly, he is barred on appeal from raising this objection on this matter. Smith v. State, 724 So.2d 280 (¶ 143) (Miss.1998).
¶ 15. Lastly, with this issue Hall argues that the court erred in not granting a limiting instruction concerning the mention of "other crimes." Reviewing the facts and record, though, we find that the prosecution did not introduce any evidence concerning other crimes Hall may have committed. No claims raised in this second issue have merit.

III. THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO IMPROPERLY AND SUBSTANTIVELY AMEND THE INDICTMENT PRIOR TO THE TRIAL, THEREBY, INVADING THE EXCLUSIVE PROVINCE OF THE GRAND JURY.
¶ 16. Hall argues that the prosecution's amending his indictment was improper as the grand jury has the exclusive right to make such amendment. Initially, the indictment read that Hall stole "the property of Chiquitta Spann." The amendment changed the indictment to read that Hall stole "the property of Union Planters Bank of Central Mississippi." First, we note that Hall never objected to such amendment, so he is procedurally barred from raising such objection on appeal. Next, we find that this amendment was one of form and not of substance, which amendment is permitted.
¶ 17. In Evans v. State, 499 So.2d 781 (Miss.1986), during the course of an armed robbery trial, the judge allowed the indictment to be amended to change the name of one of the victims from Madison Ecol Station to its parent company, Emerald Marketing, Inc. Evans, 499 So.2d 781 at 784. As authority for this action, the Evans court cited Byrd v. State, 228 So.2d 874, 875-76 (Miss.1969), which set forth the standard for determining whether an indictment may be amended: "(1) The amendment was not of a material nature and (2) the amendment would not deprive the defendants of any defense which they might have had prior to the amendment." Evans, 499 So.2d at 784. In the present case, the amendment was not of a material naturein fact, it was analogous to the amendment in Evans, which the supreme court found to be proper. See also Wood v. State, 155 Miss. 298, 304, 124 So. 353, 354-55 (1929) (the supreme court allowed the indictment to be amended during trial to reflect the proper corporate name of the victim of a burglary); Sturgis v. State, 379 So.2d 534, 535 (Miss.1980) (indictment can be properly amended to show correct corporate name). Regarding the second prong, Hall never claims his defense was compromised in any way. There was no error in the judge's allowing the amendment to Hall's indictment. Also, this issue is barred procedurally for Hall's failure to object at trial or in any post-trial motions.

*308 CONCLUSION
¶ 18. As described herein, none of Hall's issues have any merit; thus, we affirm on all issues.
¶ 19. THE JUDGMENT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY CIRCUIT COURT OF CONVICTION FOR ARMED ROBBERY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SEVEN YEARS SUSPENDED AND THREE YEARS SUPERVISED PROBATION WITH THREE YEARS TO SERVE IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO HINDS COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.