GRIFFIS, P.J.,
for the Court:
¶ 1. Brandon Dale Odom was convicted of armed robbery. The indictment alleged that the cashier at the gas station was the owner of the stolen cash. In fact, the cashier’s brother was the owner of the gas station and, therefore, the owner of the stolen cash. At the close of the State’s case-in-chief, the trial judge granted the State’s motion to amend the indictment to identify the correct owner of the stolen cash. Odom argues that the trial court was in error. We disagree and affirm.
FACTS
¶ 2. On July 20, 2009, Odom and his friend, Rakim Ross, stopped at the Twin City gas station just outside of Carthage, Mississippi. Dat Tran owned the gas station. He was at the gas station that day, seated at a desk near the front counter. His brother, Quan Tran, was working the cash register.
¶ 3. As Odom and Ross entered the store, Ross pulled a bandana over his face, pulled out a gun, pointed it at Quan, and demanded all the cash from the register. Odom walked over to where Dat was seated and told him: “This is serious.”
¶ 4. Quan handed over the money. The two robbers then left the store and returned to their car. Odom got in the driver’s seat, and Ross got in the passenger’s seat. Quan grabbed a handgun that was kept behind the counter and exited the store. As the robbers drove away, Quan fired several shots.
¶ 5. Approximately two-tenths of a mile down the road, Ross turned to Odom and said, “I’m shot.” Odom pulled over. He exited the car, walked over to the passenger’s side, and opened the door. Ross slumped forward and almost fell out of the car. Odom grabbed Ross, pulled him out of the car, and laid him down on the ground. Odom ran out into the street, flagged a car down, and used the driver’s cell phone to call 911.
¶ 6. Meanwhile, a sheriffs deputy had responded to a 911 call from the gas sta *552 tion. Quan and Dat told the deputy in which direction the robbers had fled. The deputy then came upon Odom and Ross on the roadside. Odom was pacing back and forth in front of his car. Ross was dead.
¶ 7. Odom was convicted of armed robbery under Mississippi Code Annotated section 97-8-79 (Rev.2006). He was sentenced to fifteen years in the custody of the Mississippi Department of Corrections, with five years suspended, ten years to serve, and five years of post-release supervision. It is from this judgment Odom now appeals.
ANALYSIS
¶ 8. The only issue on appeal is whether the trial judge erred when he granted the State’s motion to amend the indictment to identify Dat, rather than Quan, as the owner of the stolen cash.
¶ 9. The original, unamended indictment charged:
Brandon Dale Odom ... did willfully, unlawfully and feloniously take ... from the presence of Quan Tran ... against the will of the said Quan Tran, by putting the said Quan Tran in fear of immediate injury to his person by the exhibition of a deadly weapon, namely, a firearm, cash money ... belonging to and being the personal property of Quan Tran [.]
(Emphasis added). In fact, Dat was the owner of the gas station and, therefore, the owner of the stolen cash.
¶ 10. At the close of the State’s case-in-chief, Odom’s attorney moved for a directed verdict. He argued that the indictment was fatally defective because it mistakenly identified Quan as the owner of the stolen cash. The trial judge denied the defense’s motion and, over the defense’s objection, granted the State’s ore tenus motion to amend the indictment. The trial judge entered a written order that held: “The indictment is hereby amended to change the allegation as to ownership of the personal property being taken to that of Dat Tran, in place of Quan Tran, as stated in the original indictment.”
¶ 11. An indictment may be amended to conform to the evidence, so long as the amendment is one of form, not substance, and does not prejudice the defense. Evans v. State, 499 So.2d 781, 784-85 (Miss.1986). Mississippi Code Annotated section 99-17-13 (Rev.2007) provides:
Whenever ... there shall appear to be any variance between the statement in the indictment and the evidence offered in proof thereof ... in the name or description of any person ... alleged to be the owner of any property, real or personal, which shall form the subject of any offense charged therein ... it shall and may be lawful for the court ... if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense on the merits, to order such indictment ... to be amended according to the proof[.]
¶ 12. In Johnson v. State, 9 So.3d 413, 420-21 (¶ 30) (Miss.Ct.App.2008), this Court found no error under similar circumstances. The defendant had stolen cash from the victim at gunpoint. Id. The indictment alleged that the victim owned the cash. Id. At trial, the victim testified that the cash actually belonged to his employer, and the State was allowed to amend the indictment. Id. In finding no error, we held that: “No prejudice could have occurred to [the defendant] simply from correcting the statement of ownership of the money he took at gunpoint.” Id. at 421 (¶ 30).
¶ 13. Similarly, in Hampton v. State, 815 So.2d 429, 431 (¶¶6-9) (Miss.Ct.App.2002), the indictment was amended to cor *553 rect the identity of the owner of a gas station that had been robbed, and this Court found no error. We held: “Changing the indictment to reflect the true owner of [the gas station] did not change that the money from [the gas station’s] cash register was stolen. We cannot see how [the defendant] could have been prejudiced by this amendment.” Id. at (¶ 9); see also Hall v. State, 785 So.2d 302, 307 (¶¶ 16-17) (Miss.Ct.App.2001) (no error where indictment was amended to correct that the bank, rather than the bank-teller, was the owner of cash stolen in an armed robbery).
¶ 14. In Montgomery v. State, 891 So.2d 179, 185-86 (¶¶ 22-25) (Miss.2004), the indictment was amended to identify Patterson Engineering & Development, Inc., rather than “Sam Patterson d/b/a Patterson Engineering and Development,” as the owner of money that had been embezzled, and the Mississippi Supreme Court found no error.
¶ 15. As in each of these cases, there is no error here. The amendment was one of form, not substance, and Odom’s defense was not prejudiced. Odom’s only defense was that he acted under duress. He claimed that Ross had coerced him, at gunpoint, to participate in the robbery. Odom’s defense was not affected by the amendment to the indictment. Accordingly, this issue is without merit.
¶ 16. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED, TEN YEARS TO SERVE, AND FIVE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS ÓF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.